IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JORGE ADRIAN ROMO | § | |
| | § | |
| v. | § | 2:10-CV-233 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO
DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant JORGE ADRIAN ROMO has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons set forth, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

I.
PROCEDURAL BACKGROUND

In 2004, in the Superior Court of California, defendant was found guilty of the felony offense of manufacturing methamphetamine and sentenced to thirty-six months' imprisonment. *See United States v. Romo*, No. 08-11047, 2009 WL 2244641 at *1 (5th Cir. July 28, 2009). Because defendant was a citizen of Mexico and not of the United States, defendant was deported after serving two years. *See id.* In June 2008, defendant was arrested in Dalhart, Texas for public intoxication. He was then transferred into the custody of Immigrations and Customs Enforcement authorities and subsequently charged with one count of illegal re-entry after deportation for commission of a felony in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(1).

Defendant pled guilty to that charge and, on October 28, 2008 was sentenced to serve a term of forty-six months' imprisonment. Defendant appealed. The Fifth Circuit affirmed on September 8, 2009. *See id.* Defendant's instant motion pursuant to 28 U.S.C. § 2255 followed.

## II.
## DEFENDANT'S ALLEGATIONS

In support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States, defendant contends

1. He was improperly sentenced, and

2. He received ineffective assistance of counsel by his appellate counsel's failure to challenge defendant's incorrect sentence.

## III.
## MERITS

### *A. Sentencing Error*

In his first ground of error, defendant alleges that even though he was indicted and pled guilty to violating 8 U.S.C. § 1326(b)(1), the court sentenced him under § 1326(b)(2). Defendant avers the Court's error caused him to receive a sixteen-level enhancement to his base offense level rather than the eight-level enhancement he had anticipated at the time he entered his guilty plea.[1]

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

---

[1] In the body of defendant's 28 U.S.C. § 2255 motion, defendant indicates he was expecting the imposition of no more than an eight-level enhancement. ("Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," doc. 1 [hereinafter Original § 2255 Motion], pg 7 (filed October 1, 2010). In his memorandum in support of the motion, however, defendant indicates his belief that his base offense level of eight should have only been increased by four levels. (*Id.*, pg. 16). He again contends the Court should have based his sentence upon a four-level increase in his response to the Government's answer. ("Reply to Response," doc. 8, pg. 3 (filed Dec. 20, 2010).

result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). Under well-established Fifth Circuit caselaw, the application of sentencing guidelines does not give rise to a constitutional issue. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Consequently, "[a] district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Defendant Romo's claim regarding sentencing error is not cognizable in these proceedings.

Even if Romo's claim was cognizable in these proceedings, the Court could not reach the merits of the claim. Defendant appealed the judgment in the challenged federal criminal case. *See Romo*, 2009 WL 2244641 at *1. In fact, he utilized that appeal to attack the sixteen-level increase to his offense level. *See id.* He failed, however, to raise the issue on direct appeal that he now presents in these 28 U.S.C. § 2255 pleadings. A "collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 120 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, defendant Romo may not now raise this issue, for the first time in these proceedings, and obtain review by this Court on the merits of the claim without showing cause for the default and prejudice resulting from the error. *See United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Defendant has failed to meet the high burden of establishing cause and prejudice. *See id.* Consequently, even if this claim were cognizable in these proceedings, it would be procedurally barred.

### B. Ineffective Assistance of Counsel

In his second ground of error, defendant alleges he received ineffective assistance of counsel because appellate counsel failed to challenge the district court's improper application of the

sentencing guidelines. Unlike a direct challenge to application of the sentencing guidelines, a challenge to the effectiveness of representation on appeal is an issue cognizable in 28 U.S.C. § 2255 proceedings. Additionally, because the issue of counsel's performance is best addressed on collateral review, this issue is not procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003).

The proper standard for judging a defendant's contention he is entitled to relief on the ground that counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984*)*. The test applies equally to the review of both trial and appellate proceedings. *Hughes v. Booker*, 220 F.3d 346, 348 (5th Cir. 2000). Under the familiar two-pronged *Strickland* standard, a defendant must show defense counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

An attorney's performance is deficient if the attorney made errors so serious he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *Id.*, 104 S.Ct. at 2064. Appellate counsel should raise "[s]olid, meritorious arguments based on directly controlling precedent." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Appellate counsel is not, however, deficient for failing to raise every non-frivolous issue on appeal. *Id.* To the contrary, counsel's failure to raise an issue on appeal will be considered deficient only when that decision "fall[s] below an objective standard of reasonableness." *Id.* (citing *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2052).

In order to meet the *Strickland* standard, it is not enough to merely show deficient performance by counsel. A defendant must also show counsel's deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In the context of an appeal, if the

defendant alleges he was, either actually or constructively, denied the assistance of counsel altogether, no specific showing of prejudice is required. *Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S.Ct. 1029, 1038, 145 L.Ed.2d 985 (2000). In such cases, "the adversary process itself [is] presumptively unreliable." *Id.*, 120 S.Ct. at 1038 (quoting *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984)). Consequently, prejudice is presumed. *See Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S.Ct. 1029, 1038, 145 L.Ed.2d 985 (2000).

Defendant Romo was indicted for violating Title 8 of the United States Code, section 1326(a)(1); he was sentenced under 8 U.S.C. § 1326(b)(1) and section 2L1.2(b)(1)(A) of the United States Sentencing Guidelines. Section 1326(a) makes it unlawful for any alien who has been denied admission, excluded, deported, or removed from the United States to thereafter re-enter the United States, unless the alien falls within one of two exceptions that are not applicable in this case. Pursuant to section 1326(b)(1), the punishment for an alien whose deportation or removal was subsequent to a felony conviction (other than an aggravated felony) is imprisonment for up to ten years. Pursuant to 1326(b)(2), the punishment for an alien whose deportation or removal was subsequent to a conviction for an aggravated felony is imprisonment for up to twenty years. While defendant Romo may not realize it, the actual substance of his motion is that he is complaining because he was charged with an offense carrying a maximum of ten (10) years rather than being charged with an offense carrying a maximum of twenty (20) years.

In any event and regardless of the actual substance of the motion, defendant avers the Court illegally sentenced him pursuant to 1326(b)(2), which was outside the bounds of the Indictment and the Plea Agreement, and further contends his appellate counsel should have raised the error on appeal. Defendant's claims are without merit and are easily dispatched.

Defendant pled guilty to re-entry in violation of Title 8 of the United States Code, section 1326(a). Illegal re-entry prohibited by section 1326(a) was the crime defendant was charged with and was the crime to which he pled guilty. The crime itself is set forth in section 1326(a) and the 1326(b) provisions do not constitute an independent crime for which a defendant must be specifically indicted. *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998). Rather, the provisions of section 1326(b) are simply sentencing enhancements applicable when a defendant is found to be in violation of section 1326(a). *Id.*, 118 S.Ct. at 1226. As a result, even though the Indictment in this case included a reference to 1326(b)(1), the inclusion of 1326(b)(1) was mere surplusage. Defendant pled guilty to a crime prohibited in 1326(a). He was sentenced pursuant to the sentencing enhancements set out in section 1326(b). Appellate counsel could not have challenged the sentence in the manner defendant suggests because defendant's plea fell under 1326(a) only. *See id.*, 118 S.Ct. at 1226; *Phillips*, 210 F.3d at 348.

Also, defendant's argument is based upon a factually inaccurate premise. The Court did not sentence defendant pursuant to section 1326(b)(2). Defendant was sentenced pursuant to section 2L1.2(b)(1)(A) of the United States Sentencing Guidelines, which sets the guideline punishments for violations of 8 U.S.C. § 1326(a). U.S. Sentencing Guidelines Manual § 2L1.2 introductory cmt. (2007). Moreover, the Rearraignment, Presentence Report, and Judgment in defendant's case clearly reflect that defendant's sentence took into consideration the strictures of section 1326(b)(1). *See United States v. Romo*, No. 2:08-CR-36, Rearraignment of Aug. 27, 2008, doc. 38, pg. 5 (filed Nov. 20, 2008); Presentence Report, doc. 40, pg. 9 (filed Dec. 5, 2008); Judgment in a Criminal Case, doc. 35, pg. 1(filed Oct. 28, 2008). Nowhere in any of defendant's sentencing documents is

section 1326(b)(2) mentioned. *See id.* Further, the sixteen-level increase under 2L1.2(b)(1)(A) of the Sentencing Guidelines is completely different from the statutory punishment increase of up to ten years in 8 U.S.C. § 1326(b)(1) and up to twenty years in 8 U.S.C. § 1326(b)(2). The fact that the offense upon which the sixteen-level increase was based may also fall under a statutory definition of an aggravated felony is of no moment. The sentencing guideline base offense level factors resulting in increases are different from the increases in sentencing maximums under the United States Code.

Defendant was not, as he contends, sentenced under 8 U.S.C. § 1326(b)(2). He was sentenced under section 2L1.2 of the Sentencing Guidelines and within the parameters of 8 U.S.C. § 1326(b)(1). *See Romo*, No. 2:08-CR-36, Rearraignment of Aug. 27, 2008, doc. 38, pg. 5 (filed Nov. 20, 2008); Presentence Report, doc. 40, pg. 9 (filed Dec. 5, 2008); Judgment in a Criminal Case, doc. 35, pg. 1(filed Oct. 28, 2008). Under section 2L1.2(b)(1)(A)(I) of the Sentencing Guidelines, if a defendant guilty of violating 8 U.S.C. § 1326(a) was previously deported for "a drug trafficking offense for which the sentence imposed exceeded 13 months" then such a defendant is to receive a 16-level increase to the base offense level of 8. Defendant was previously deported after conviction for a drug trafficking offense for which the sentence imposed was thirty-six months, and section 2L1.2(b)(1)(A)(I) was applicable. *See Romo*, 2009 WL 2244641 at *1 (holding by the Fifth Circuit, in this case, that "there was no clear or obvious error by the district court in considering [Romo's] guilty-plea conviction as constituting a drug trafficking offense under § 2L1.2(b)(1)(A)(I)"). Defendant's ultimate sentence, taking into consideration his criminal history categorization, was forty-six months' incarceration. This is below the ten-year maximum established in 8 U.S.C. § 1326(b)(1) (the provision under which defendant was sentenced), and is

a legal sentence.

In sum, defendant's statement that the 16-level enhancement was applied to him on the basis that his prior conviction was for an aggravated felony is factually incorrect. The 16-level enhancement was for a crime specifically identified in the guidelines for such an increase. *(See Original § 2255 Motion, pg. 14).* Defendant's appellate counsel did not render deficient performance in failing to offer a non-meritorious ground for appeal. *See Phillips*, 210 F.3d 348. Defendant has failed to establish deficient performance by appellate counsel. *See id.*

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Vacate, Set Aside, and Correct Sentence, filed by defendant, JORGE ADRIAN ROMO, be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of July, 2012.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).